## GLAFCKE *v.* O'BRIEN.

PROCEEDINGS IN ERROR—PRACTICE.—The mere filing of the statutory undertaking in the district court by the plaintiff in error, will not stay proceedings in that court. All the proceedings necessary to take the case to the supreme court must be perfected, and it is only when that is done that the undertaking will act as a supersedeas.

ERROR to the First District Court for Laramie County.

Motion to affirm the judgment of the district court. Judgment was rendered in the district court in favor of O'Brien against Glafcke. Glafcke thereupon filed his undertaking in proceedings in error in the district court, as required by the statute, but took no further action to carry the case to the supreme court. The plaintiff's attorney then obtained an order that said cause be placed on the docket of the supreme court, and that the defendant in the district court show cause why the judgment of said court should not be affirmed.

*E. P. Johnson,* for the motion.

*D. McLaughlin,* in opposition thereto, contended that the cause was improperly docketed in the supreme court, and that no action could then be taken thereon.

By the Court, FISHER, C. J.: And now, to wit, March 28, 1876, the court, after consideration of the rule and answer, find that in order to obtain a stay of execution, or to act as a supersedeas, as provided in the statutes of 1873, the plaintiff in error should commence his proceedings in error, by filing his petition and a transcript of the case in the supreme court, together with an undertaking, as provided by the statutes. And that the mere filing of an undertaking, without commencing any other proceedings in error, is not, in itself, sufficient to give a stay of proceedings or act as a supersedeas.